| 51 | 487 |
| 58 | 297 |
| 51 | 487 |
| 61 | 176 |

</div>

·THE STATE, THE NEW JERSEY HEDGE COMPANY, PROSECU-
TOR, v. WILLIAM R. CRAIG, COLLECTOR OF FREEHOLD.

1. A New Jersey corporation organized for the planting of hedges, is taxable, not upon its capital stock, but upon the true value of its real and personal estate.
.2. Such a corporation, holding contracts to pay for hedges planted, the money to become due to the company in future installments, and the company meanwhile to maintain the hedges, is taxable for the true value of those contracts computed as of the day when taxes are assessable; and a tax on that value will be substituted by the court for a tax on capital stock erroneously levied by the township officers.

On *certiorari* in matter of taxation.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *J. C. Conover*.

For the defendant, *G. C. Beekman*.

The opinion of the court was delivered by

DIXON, J.    The New Jersey Hedge Company, a corpora-
tion of this state located at Freehold, having been overlooked
by the assessor in making his assessment, was, under the sup-
plement to the Tax act, approved March 9th, 1848 (*Rev., p.
1148*), assessed by the township collector, on November 23d,

1888, for $45,000, which he deemed the amount of capital stock paid in.    On appeal to the commissioners of appeal, that body, on December 14th, 1888, changed the assessment to $35,000 " capital stock paid in."    Hence this *certiorari*.

The object of this corporation is the planting of hedges, and it is organized under our General Corporation act.    It is therefore taxable, not upon its capital stock, but upon its real and personal estate, as if an individual.    *Rev. Sup., p.* 170, *pl. 93; Jersey City Gaslight Co. v. Jersey City,* 17 *Vroom* 194. Consequently this assessment is illegal.

It appears that, during the year 1888, the property of the company consisted of contracts for hedge fences, which had been set out, to the value of about $22,000, but that the money would grow due on these contracts in installments running through a period of several years, during which certain services would be required from said company for the maintenance of the hedges.    A tax might have been lawfully levied upon the prosecutor, in Freehold, for the true value of these contracts, on the day fixed for the assessment of taxes. It is now the duty of the court, under the act of March 23d, 1881 (*Rev. Sup., p.* 602), to ascertain that value and make a proper levy therefor.

The case before us not disclosing the necessary data for such a calculation, let it be referred to a Supreme Court commissioner to determine and report the true value of the company's property on the day set by law for the levy of taxes in the year 1888, the rate of taxation for that year in the township of Freehold, and the amount of tax with which the prosecutor is legally chargeable.    On the coming in of that report a levy will be ordered accordingly.